1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  Carmen John Perri,              )   Case No. **CV 18-4638-JFW(JEMx)**
                                     )
12                Plaintiff,         )   **SCHEDULING AND CASE MANAGEMENT**
                                     )   **ORDER**
13       v.                          )
                                     )
14  Steve's Charburger No. 2, et     )
    al.,                             )
15                                   )
                  Defendants.        )
16  _____ )

17        The purpose of this Order is to notify the parties and

18  their counsel of the deadlines and the schedule that will

19  govern this action.  SEE THE LAST PAGE OF THIS ORDER FOR THE

20  SPECIFIED DATES.  Ordinarily, the dates set forth on the last

21  page are determined after reviewing the parties' Joint Report

22  or consultation with the parties at the Scheduling

23  Conference.  Accordingly, the dates and requirements are

24  firm.  The Court is very unlikely to grant continuances, even

25  if stipulated to by the parties, unless the parties establish

26  good cause through a concrete showing.  **Because this Order in**

27  **some respects modifies the applicable Local Rules, counsel**

28  **are advised to read it carefully to avoid default on the**

**obligations established herein.  Counsel are advised to pay particular attention to the requirements of the Court with respect to electronic filing, the filing of motions for summary judgment, and the documents to be submitted at the Pre-Trial Conference and Trial.**

**1.   ELECTRONIC FILING AND COURTESY COPIES**

All documents that are required to be filed in an electronic format pursuant to the Local Rules shall be filed electronically no later than 4:00 p.m. on the date due unless otherwise ordered by the Court.  Any documents filed electronically after 4:00 p.m. on the date due will be considered late and may be stricken by the Court.  Any documents that counsel attempt to file electronically which are improperly filed will not be accepted by the Court.

Counsel are ORDERED to deliver **2 copies** of all documents filed electronically to Chambers.  For each document filed electronically, one copy shall be marked "CHAMBERS COPY" and the other copy shall be marked "COURTESY COPY."  The "CHAMBERS COPY" and "COURTESY COPY" are collectively referred to herein as "Courtesy Copies."  The Courtesy Copies of each electronically filed document must include on each page the running header created by the ECF system.  In addition, on the first page of each Courtesy Copy, in the space between lines 1 - 7 to the right of the center, counsel shall include the date the document was e-filed and the document number. The Courtesy Copies shall <u>not</u> be blue-backed.  All documents must be stapled only in the left-hand corner, the electronic proof of service must be attached as the last page of each

document, and the exhibits attached to any document must be
tabbed.  Counsel shall not staple the "COURTESY COPY" and
"CHAMBERS COPY" together.  The "COURTESY COPY" and "CHAMBERS
COPY" of all documents must be three-hole punched at the left
margin with the oversized 13/32" hole size, not the standard
9/32" hole size.  The Courtesy Copies shall be delivered to
Chambers no later than 10:00 a.m. on the next business day
after the document was electronically filed.

For any document that is not required to be filed
electronically, counsel are ORDERED to deliver 1 conformed
copy of the document, which shall be marked "COURTESY COPY,"
to Chambers **at the time of filing**.

When a proposed order accompanies an electronic filing, a
WordPerfect or Word copy of the proposed order, along with a
copy of the PDF electronically filed main document, shall be
e-mailed to JFW_Chambers@cacd.uscourts.gov.  The subject line
of the e-mail shall be in the following format: court's
divisional office, year, case type, case number, document
control number assigned to the main document at the time of
filing, judge's initials and filer's (party) name.  Failure
to comply with this requirement may result in the denial or
striking of the request or the Court may withhold ruling on
the request until the Court receives the required documents.

**2.   DISCOVERY**

All discovery shall be completed by the discovery cut-off
date specified on the last page of this Order.  **THIS IS <u>NOT</u>
THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS
THE DATE BY WHICH ALL DISCOVERY, INCLUDING EXPERT DISCOVERY,**

**SHALL BE COMPLETED.**   The Court does not enforce side agreements to conduct discovery beyond the discovery cut-off date.

Any motion challenging the adequacy of responses to discovery must be heard sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.

In an effort to provide further guidance to the parties, the Court notes the following:

**(a)  Depositions**

All depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut-off date.

**(b)  Written Discovery**

All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

**(c)  Discovery Motions**

Whenever possible, the Court expects the parties to resolve discovery issues among themselves in a courteous, reasonable, and professional manner.  If they do so, resort to the Court for guidance in discovery is seldom necessary. The Magistrate Judge assigned to this case will rule on discovery motions and protective orders.

**(d)  Expert Discovery**

If expert witnesses are to be called at trial, the parties shall designate affirmative experts to be called at trial and shall provide reports required by Fed.R.Civ.P. 26(a)(2)(B) not later than eight weeks prior to the discovery cut-off date.  Rebuttal expert witnesses shall be designated and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B) not later than five weeks prior to the discovery cut-off date.  Any non-retained expert designated by a party as an affirmative or rebuttal expert shall also prepare and provide an expert report in the form described by Fed.R.Civ.P. 26(a)(2)(B).  Expert witnesses will be bound by the opinions expressed in their reports prepared in accordance with Fed.R.Civ.P. 26(a)(2)(B) and will not be permitted to offer new opinions at trial.  Failure to timely comply with this deadline will result in the expert being excluded at trial as a witness.

**3.   MOTIONS - GENERAL PROVISIONS**

All law and motion matters, except for motions in limine, must be set for hearing (not filed) by the motion cut-off date specified on the last page of this Order.  The Court will deny or strike late-filed motions.  The title page of all motions must state the hearing date and time for the motion, the Pre-Trial Conference date, and the Trial date.

Once a party has noticed a motion for hearing on a particular date, the hearing shall not be continued without leave of Court. If the Court concludes that a motion can be

/ / /

1  resolved without argument, the Court will notify the parties
2  in advance.

3      If counsel does not intend to oppose a motion, counsel
4  shall immediately inform the Courtroom Deputy by e-mail and
5  immediately file a Notice of Non-Opposition in accordance
6  with the Local Rules.  The parties should note that failure
7  to timely respond to any motion shall be deemed by the Court
8  as consent to the granting of the motion.  *See* Local Rules.

9      Ex parte practice is strongly discouraged.  The Court
10 will require strict adherence to proper ex parte procedures
11 for any ex parte application filed with the Court.  *See* Local
12 Rules and the Court's Standing Order.

13     **(a)  Applications and Stipulations to Extend Time**
14     No applications or stipulations extending the time to
15 file any required document or to continue any date are
16 effective unless and until the Court approves them.
17 Applications and/or stipulations to extend the time to file
18 any required document or to continue any hearing, Pre-Trial
19 date, or the Trial date must set forth the following:

20         (i)  the existing due date or hearing date, as well
21 as all dates currently set by the Court in this Order,
22 including the discovery cut-off date, the Pre-Trial
23 Conference date, and the Trial date;

24         (ii) the new dates proposed by the parties;

25         (iii) specific, concrete reasons supporting good
26 cause for granting the extension; and

27 / / /

28 / / /

(iv) whether there have been prior requests for extensions by any party, and whether those requests were granted or denied by the Court.

All applications and stipulations must be accompanied by a separate and independent proposed order which must be submitted to the Court in accordance with the Local Rules and this Order.  Failure to submit a separate proposed order may result in the denial of the application or stipulation or the Court may withhold ruling on the application or stipulation until the Court receives a separate proposed order.

**(b)  Joinder of Parties and Amendment of Pleadings**

The deadline for joining parties and amending pleadings is sixty days from the date of this Order.  Any motions to join other parties or for leave to amend the pleadings shall be filed within twenty days of the date of this Order so that they can be heard and decided prior to the deadline.

In addition to the requirements of the Local Rules, all motions to amend the pleadings shall: (1) state the effect of the amendment; and (2) state the page, line number(s), and wording of any proposed change or addition of material.  The parties shall file and deliver to Chambers a redlined version of the proposed amended pleading indicating all additions and/or deletions of material.

**(c)  Withdrawal or Substitution of Counsel**

The Court will not grant a request for approval of substitution of counsel after an action has been set for trial unless: (1) counsel files the request using the most recent version of the appropriate forms provided on the

Court's website; and (2) the request is accompanied by a declaration signed by a substituting attorney indicating that such attorney has been advised of the trial date and will be prepared to proceed with trial as scheduled.  Any request for substitution of counsel which is not on the proper form or is not accompanied by a declaration signed by a substituting attorney as set forth above will be denied.

Counsel who wish to withdraw and substitute their client *pro se* must file a regularly noticed motion to withdraw which demonstrates good cause for the request to withdraw.  The Court will not consider such a motion unless: (1) the motion is accompanied by a declaration signed by the client indicating that the client consents to the withdrawal, has been advised of the time and date of trial, and will be prepared to represent themselves *pro se* on the scheduled trial date; or (2) the Court is otherwise satisfied for good cause shown that the attorney should be permitted to withdraw.

**4.   SUMMARY JUDGMENT MOTIONS**

The Court will only entertain ONE summary judgment motion by a party.  In the event a party believes that more than one summary judgment motion is necessary to expedite the resolution of issues in the action, the party must obtain leave of court to file more than one summary judgment motion. The Court will require strict adherence to the following requirements:

/ / /

/ / /

1   **(a) Statement Of Uncontroverted Facts and Conclusions of**
2     **Law and Statement of Genuine Disputes of Material**
3     **Fact**

4   The Statement of Uncontroverted Facts and Conclusions of
5 Law is to be prepared in a two column format.  The left hand
6 column should set forth the allegedly undisputed fact or
7 conclusion or law.  The right hand column should set forth
8 the evidence that supports the factual statement or
9 conclusion of law.  The factual statements and conclusions of
10 law should be set forth in sequentially numbered paragraphs.
11 Each paragraph should contain a narrowly focused statement of
12 fact or conclusion of law.  Each numbered paragraph should
13 address a single subject in as concise a manner as possible.

14   The opposing party's Statement of Genuine Disputes of
15 Material Fact must track the movant's Statement of
16 Uncontroverted Facts exactly as prepared.  The document must
17 be in two columns; the left hand column must restate the
18 allegedly undisputed fact, and the right hand column must
19 restate the moving party's evidence in support of the fact,
20 and indicate either undisputed or disputed.  The opposing
21 party may dispute all or only a portion of the statement, but
22 if disputing only a portion, must clearly indicate what part
23 is being disputed.  Where the opposing party is disputing the
24 fact in whole or part, the opposing party must, in the right
25 hand column, set forth the evidence controverting the fact.
26 Where the opposing party is disputing the fact on the basis
27 of an evidentiary objection, the party must cite to the
28 evidence alleged to be objectionable and state the ground of

1  the objection and nothing more.  Counsel are reminded that
2  unwarranted factual denials made in the context of a Summary
3  Judgment Motion are subject to Rule 11 sanctions.  **No
4  argument should be set forth in this document.**

5       The opposing party may submit additional material facts
6  that bear on or relate to the issues raised by the movant,
7  which shall follow the format described above for the moving
8  party's Statement of Uncontroverted Facts.  These additional
9  facts shall follow the movant's facts, shall continue in
10 sequentially numbered paragraphs (*i.e.*, if movant's last
11 statement of fact was set forth in paragraph 30, then the
12 first new fact will be set forth in paragraph 31), and the
13 evidence that supports the new fact shall be set forth in the
14 right hand column.

15      The moving party, together with its reply, shall file a
16 separate document entitled "Combined Statement of Facts" that
17 (1) restates the entirety of the opposing party's Statement
18 of Genuine Disputes of Material Fact and (2) responds to any
19 additional facts in the same manner and format that the
20 opposing party must follow in responding to the Statement of
21 Uncontroverted Facts, as described above.

22      **(b)  Supporting Evidence**

23      No party should submit any evidence other than the
24 specific items of evidence or testimony necessary to support
25 or controvert a proposed statement of undisputed fact.  Thus,
26 for example, entire sets of interrogatory responses, or
27 documents that do not specifically support or controvert
28 material in the Statements should not be submitted in support

of or in opposition to a motion for summary judgment.  Any
such material will not be considered.

Evidence submitted in support of or in opposition to a
motion for summary judgment should be submitted either by way
of stipulation or as exhibits to declarations sufficient to
authenticate the proffered evidence, and should not be
attached to the memorandum of points and authorities.  The
Court will accept counsel's authentication of deposition
transcripts, written discovery responses, and the receipt of
documents in discovery if the fact that the document was in
the opponent's possession is of independent significance.
Documentary evidence as to which there is no stipulation
regarding foundation must be accompanied by the testimony,
either by declaration or properly authenticated deposition
transcript, of a witness who can establish its authenticity.

All exhibits submitted in support of, and in opposition
to, a motion for summary judgment shall be consecutively
numbered; no two exhibits shall bear the same number.  For
example, if the moving party submits one declaration and one
request for judicial notice, with four exhibits attached to
each document, the exhibits attached to the declaration shall
be marked 1 through 4, and the exhibits attached to the
request for judicial notice shall be marked 5 through 8.  The
opposing party's exhibits shall then commence with number 9.
Immediately above or below the page number on each page of an
exhibit, the parties shall mark "[Party Name]'s Summary
Judgment Exhibit No. ___".
/ / /

1    In addition to the foregoing, any party who offers
2  deposition testimony in support of or in opposition to a
3  motion for summary judgment shall prepare and file a separate
4  document for each deponent which contains only those
5  questions and answers, and any objections made at the time of
6  the deposition to those questions, that a party is relying on
7  to support their motion, with a citation to the appropriate
8  page and line number(s) in the deposition transcript.

9    The parties shall also deliver to chambers (<u>but not file</u>)
10  one copy of the entire deposition transcript (single-sided
11  condensed transcript including the word index) of each
12  deposition referenced.  The deposition transcripts shall be
13  placed in a slant D-ring binder with each transcript
14  separated by a tab divider on the right side and three-hole
15  punched at the left margin with the oversized 13/32" hole
16  size, not the standard 9/32" hole size.  The deposition
17  transcript binder shall include a Table of Contents and the
18  spine of each binder shall be labeled with its contents.

19    The Court's Courtesy Copies of all evidence in support of
20  or in opposition to a motion for summary judgment shall be
21  submitted in a separately bound compendium and shall include
22  a Table of Contents.  If the supporting evidence exceeds
23  twenty-five pages, each Courtesy Copy of the supporting
24  evidence shall be placed in a slant D-ring binder with each
25  item of evidence separated by a tab divider on the right
26  side.  All documents contained in the binder must be three-
27  hole punched with the oversized 13/32" hole size, not the
28  / / /

1   standard 9/32" hole size. The spine of each binder shall be

2   labeled with its contents.

3       In addition to the foregoing, the parties shall meet and

4   confer and prepare two binders, one binder containing a joint

5   set of all <u>exhibits</u> relied on by the parties in support of

6   and in opposition to the motion for summary judgment ("Joint

7   Exhibit Binder"), and the other binder containing a joint set

8   of all <u>declarations</u> relied on by the parties in support of

9   and in opposition to the motion for summary judgment ("Joint

10  Declarations Binder"). The parties shall file the Joint Set

11  of Exhibits with a cover page titled "Joint Set of Exhibits"

12  and the Joint Set of Declarations with a cover page titled

13  "Joint Set of Declarations" with the Reply. The parties

14  shall also deliver to Chambers two copies of both the Joint

15  Exhibit Binder and Joint Declarations Binder in accordance

16  with paragraph 1 of this Order, one set of which shall be

17  marked "CHAMBERS COPY," and the other set of which shall be

18  marked "COURTESY COPY."

19      The Joint Exhibit Binder and Joint Declarations Binder

20  shall include a Table of Contents, and the spine of each

21  binder shall be labeled with its contents. The Table of

22  Contents for the Joint Exhibit Binder and Joint Declarations

23  Binder shall specifically describe each summary judgment

24  exhibit or declaration and include a citation to each

25  paragraph number in the Combined Statement of Facts that

26  refers to the exhibit or declaration (e.g. Plaintiff's

27  Summary Judgment Exhibit No. 1 – Letter from John Doe to Jane

28  Doe dated January 1, 2007 Re: Reasons for Jane Doe's

termination) (Combined Statement of Facts Nos. 2, 8, 10).  In preparing the Table of Contents, counsel should <u>not</u> create a new set of exhibit numbers.  Counsel shall use the same exhibit numbers that were used to identify the documents in the Motion for Summary Judgment.

**(c) Objections to Evidence**

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for the objection, as indicated above, should be stated in the Statement of Genuine Disputes of Material Fact or Combined Statement of Facts but not argued in that document.  Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief of the party.  This memorandum should be organized **to track the paragraph numbers of the Statement of Genuine Disputes of Material Fact or Combined Statement of Facts in sequence**.  It should identify the specific item of evidence to which objection is made, or in the case of deposition testimony it should quote the relevant testimony, the ground for the objection, and a very brief argument with citation to authority as to why the objection is well taken.  The following is an example of the format required by the Court:

> <u>Combined Statement of Facts Paragraph 10</u>: Objection to the supporting deposition testimony of Jane Smith [quote testimony] at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable.  To the extent it is offered to prove her

/ / /

state of mind, it is irrelevant because her state of mind is not in issue.  Fed. R. Evid. 801, 802.

**DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPONENT'S STATEMENT OF FACTS. THESE WILL BE DISREGARDED AND OVERRULED.**

### (d)  The Memorandum of Points and Authorities

The movant's memorandum of points and authorities should be in the usual form required under Local Rules and should contain a narrative statement of facts as to those aspects of the case that are before the Court.  All facts should be supported with citations to the paragraph number in the Statement of Uncontroverted Facts that supports the factual assertion <u>and not to the underlying evidence</u>.

Unless the case involves some unusual twist, the motion need only contain a brief statement of the Fed.R.Civ.P. 56 standard; the Court is familiar with the Rule and with its interpretation under *Celotex* and its progeny.  If at all possible, the argument should be organized to focus on the pertinent elements of the claim(s) for relief or defense(s) in issue, with the purpose of showing the existence or non-existence of a genuine issue of material fact for trial on that element of the claim or defense.

Likewise, the opposition memorandum of points and authorities should be in the usual form required by the Local Rules.  Where the opposition memorandum sets forth facts, those facts should be supported with citations to the paragraph number in the Statement of Genuine Disputes of Material Fact <u>and not to the underlying evidence</u>.

**(e) Proposed Statement of Decision**

Within two days of the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record. The Proposed Statement of Decision shall not exceed fifteen pages and shall be in a form that would be appropriate for the Court to enter as its final order on the motion. The Proposed Statement of Decision shall be submitted to the Court in accordance with the Local Rules. Failure to lodge the Proposed Statement of Decision will result in the denial or granting of the motion.

**(f) Timing**

Parties should not wait until the motion cut-off date to bring motions for summary judgment or partial summary judgment. Early completion of non-expert discovery and filing of motions for summary judgment may eliminate or reduce the need for expensive expert depositions which are normally conducted in the last stages of discovery.

**Caveat**: **Failure of the moving party to comply with these procedures regarding summary judgment motions will result in the denial of the Motion for Summary Judgment. If a party fails to respond to a Motion for Summary Judgment, the Court will assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy, which will likely result in the granting of the Motion for Summary Judgment.**

/ / /

**5.   MOTIONS IN LIMINE**

The Court will only entertain a maximum of five motions in limine by a party.   In the event a party believes that more than five motions in limine are necessary, the party must obtain leave of Court to file more than five motions in limine.   The Court will not hear or resolve motions in limine that are disguised summary judgment motions.   No application to file under seal will be granted with respect to a motion in limine or any documents submitted with the motion in limine.

Before filing any motion in limine, lead counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion in limine or to eliminate as many of the disputes as possible.   It shall be the responsibility of counsel for the moving party to arrange for this conference.   The conference shall take place **in person** within ten calendar days of service upon opposing counsel of a letter requesting such conference, but in no event later than twenty-one days before the Pre-Trial Conference.   Unless counsel agree otherwise, the conference shall take place at the office of the counsel for the moving party.   If both counsel are not located in the same county in the Central District, the conference may take place by telephone.   The moving party's letter shall identify the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial, shall state briefly with respect to each such matter the moving party's position (and provide any legal / / /

authority which the moving party believes is dispositive), and shall specify the terms of the order to be sought.

If counsel are unable to resolve their differences, they shall prepare and file a separate, sequentially numbered Joint Motion in Limine for each issue in dispute which contains a clear caption which identifies the moving party and the nature of the dispute (*e.g.*, "Plaintiff's Motion in Limine #1 to exclude the testimony of Defendant's expert"). Each Joint Motion in Limine shall consist of one document signed by all counsel.  The Joint Motion in Limine shall contain a clear identification of the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial and a statement of the specific prejudice that will be suffered by the moving party if the motion is not granted.  The identification of the matters in dispute shall be followed by each party's contentions and each party's memorandum of points and authorities.  The title page of the Joint Motion in Limine must state the Pre-Trial Conference date, hearing date for the motions in limine, and Trial date.

Joint Motions in Limine made for the purpose of precluding the mention or display of inadmissible and/or prejudicial matter in the presence of the jury shall be accompanied by a declaration that includes the following: (1) a clear identification of the specific matter alleged to be inadmissible and/or prejudicial; (2) a representation to the Court that the subject of the motion in limine has been discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or

1    displayed in the presence of the jury before it is admitted

2    in evidence or that counsel has refused to stipulate that

3    such matter will not be mentioned or displayed in the

4    presence of the jury unless and until it is admitted in

5    evidence; and (3) a statement of the specific prejudice that

6    will be suffered by the moving party if the motion in limine

7    is not granted.

8        Unless ordered by the Court, no supplemental or separate

9    memorandum of points and authorities shall be filed by either

10   party in connection with any motion in limine.

11       The Court's Courtesy Copies of all evidence in support of

12   or in opposition to a motion in limine, including

13   declarations and exhibits to declarations, shall be submitted

14   in a separately bound volume and shall include a Table of

15   Contents.  If the supporting evidence exceeds twenty-five

16   pages, each Courtesy Copy of the supporting evidence shall be

17   placed in a slant D-ring binder with each item of evidence

18   separated by a tab divider on the right side, and the spine

19   of the binder shall be labeled with its contents.  All

20   documents contained in the binder must be three-hole punched

21   with the oversized 13/32" hole size, not the standard 9/32"

22   hole size.

23       The Court will not consider any motion in limine in the

24   absence of a joint motion or a declaration from counsel for

25   the moving party establishing that opposing counsel: (a)

26   failed to confer in a timely manner; (b) failed to provide

27   the opposing party's portion of the joint motion in a timely

28   / / /

1  manner; or (c) refused to sign and return the joint motion

2  after the opposing party's portion was added.

3      Unless otherwise ordered by the Court, motions in limine

4  should be filed and will be heard on the dates specified on

5  the last page of this Order.  Unless the Court in its

6  discretion otherwise allows, no motions in limine shall be

7  filed or heard on an ex parte basis, absent a showing of

8  irreparable injury or prejudice not attributable to the lack

9  of diligence of the moving party.

10      The failure of any counsel to comply with or cooperate in

11  the foregoing procedures will result in the imposition of

12  sanctions, including a resolution of the issue against the

13  party refusing to cooperate.

14  **6.   PRE-TRIAL CONFERENCE AND LOCAL RULE 16 FILINGS**

15      **(a)  General Provisions**

16      The Pre-Trial Conference ("PTC") will be held on the date

17  specified on the last page of this Order, unless the Court

18  expressly waived a PTC.  If adjustments in the Court's

19  calendar to accommodate congestion become necessary, the

20  Court may re-schedule the PTC instead of the trial date.

21  Therefore, the parties should assume that if the PTC goes

22  forward, the trial <u>will</u> go forward without continuance,

23  although some brief period of trailing may prove necessary.

24      The lead trial attorney on behalf of each party shall

25  attend both the PTC and all meetings of the parties in

26  preparation for the PTC, unless excused for good cause shown

27  in advance of the PTC.

28  / / /

1   A continuance of the PTC at the parties' request or by
2   stipulation is highly unlikely.  **Specifically, failure to**
3   **complete discovery is not a ground for continuance.**  In the
4   unlikely event that the Court agrees to continue the PTC, the
5   trial date is likely to be delayed as a result.  If a change
6   in the trial date is necessitated or likely because of the
7   Court's calendar or otherwise, modifications of that date
8   will be discussed at the PTC.

9   At the PTC, the parties should be prepared to discuss
10  means of streamlining the trial, including, but not limited
11  to:  bifurcation; presentation of foundational and non-
12  critical testimony and direct testimony by deposition
13  excerpts; narrative summaries and/or stipulations as to the
14  content of testimony; presentation of testimony on direct
15  examination by affidavit or by declaration subject to cross-
16  examination; and qualification of experts by admitted
17  resumes.  The Court will also discuss settlement.

18  **(b)  Form of Pre-Trial Conference Order ("PTCO")**
19  The proposed PTCO shall be filed by the date specified on
20  the last page of this Order.  Adherence to this time
21  requirement is necessary for in-chambers preparation of the
22  matter.  The PTCO shall include the date of the L.R. 16-2
23  conference and the names of each attorney in attendance at
24  the L.R. 16-2 conference.  The form of the proposed PTCO
25  shall comply with Appendix A to the Local Rules and the
26  following:
27  / / /
28  / / /

          (i)  Place in "ALL CAPS" and in **bold** the separately numbered headings for each category in the PTCO (*e.g.*, "**1. THE PARTIES**" or "**7.  CLAIMS AND DEFENSES OF THE PARTIES**").

          (ii) Include a Table of Contents at the beginning.

          (iii) In specifying the surviving pleadings, state which claims or counterclaims have been dismissed or abandoned (*e.g.*,"Plaintiff's second cause of action for breach of fiduciary duty has been dismissed."). Also, in multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the other side, specify to which party each claim or counterclaim is directed.

          (iv) In drafting the PTCO, the Court expects that the parties will attempt to agree on and set forth as many uncontested facts as possible.  A carefully drafted and comprehensively stated stipulation of facts will assist the Court in preparing for the Pre-Trial Conference.

          **(v)  In specifying the parties' claims and defenses in Section 7 of the PTCO, each party shall closely follow the examples set forth in Appendix A of the Local Rules.**

          (vi) The Court may submit fact issues to the jury in the form of findings on a special verdict form.  The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

          (vii) If expert witnesses are to be called at trial, each party must list and identify its respective expert witnesses, both retained and non-retained.  Failure of a party to list and identify an expert witness in the PTCO

shall preclude the party from calling that expert witness at trial.

**(c)   Rule 16 Filings; Memoranda; Witness Lists; Exhibit Lists**

The parties must comply fully with the requirements of Local Rule 16.  They shall file carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief), along with their respective Witness Lists and Exhibit Lists, all in accordance with the Local Rules.  See the last page of this Order for applicable dates.

**(d)   Summary of Witness Testimony and Time Estimates**

Counsel shall prepare a list of their witnesses, including a brief summary (two to three paragraphs) of each witness's expected testimony, an estimate of the length of time needed for direct examination, and whether the witness will testify by deposition or in person.  Counsel shall exchange these lists with opposing counsel.  **Counsel shall jointly file a single list of witness testimony summaries, including estimates for direct examination of their own witnesses and estimates for cross-examination of opposing witnesses.**  The joint witness testimony summaries shall be filed at the same time counsel submit the PTCO.  If a party intends to offer deposition testimony into evidence at trial, the party shall comply with the Local Rules.

**(e)   Pre-Trial Exhibit Stipulation**

The parties shall prepare a Pre-Trial Exhibit Stipulation which shall contain each party's numbered list of all trial exhibits, with objections, if any, to each exhibit including

the basis of the objection and the offering party's response.
All exhibits to which there is no objection shall be deemed
admitted.   The parties shall also identify each witness they
anticipate will testify about and/or lay the foundation for
the exhibit.   All parties shall stipulate to the authenticity
of exhibits whenever possible, and the Pre-Trial Exhibit
Stipulation shall identify any exhibits for which
authenticity has not been stipulated to and the specific
reasons for the party's failure to stipulate.

The Pre-Trial Exhibit Stipulation shall be substantially
in the following form:

Pre-Trial Exhibit Stipulation

Plaintiff(s)' Exhibits

Number   Description   Witness   If Objection, State Grounds   Response to Objection

Defendant(s)' Exhibits

Number   Description   Witness   If Objection, State Grounds   Response to Objection

The Pre-Trial Exhibit Stipulation shall be filed at the
same time counsel file the PTCO.   Failure to comply with this
paragraph shall constitute a waiver of all objections.
**DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**
**OPPOSING PARTY'S EXHIBITS. THESE WILL BE DISREGARDED AND**
**OVERRULED.**

**(f)   Jury Instructions, Verdict Forms, Special**
**Interrogatories**

Fourteen days before the required Local Rule 16-2
meeting, the parties shall exchange proposed jury
instructions, verdict forms, and, if necessary, special
interrogatories.   Seven days before the meeting, counsel

1  shall exchange written objections, if any, to the proposed
2  jury instructions, verdict forms, and special
3  interrogatories.  At the required  meeting, lead counsel
4  shall confer with the objective of submitting one set of
5  agreed upon instructions, a verdict form, and, if necessary,
6  special interrogatories.

7       If lead counsel agree upon one complete set of jury
8  instructions, they shall file a joint set of proposed jury
9  instructions, arranged in a logical sequence with each
10 instruction sequentially numbered, and identified as
11 "Stipulated Instruction No. __ Re _____," with the blanks
12 filled in as appropriate.  If the parties cannot agree upon
13 one complete set of jury instructions, they shall file the
14 following two joint documents with the Court:

15       (i)  A joint set of proposed jury instructions
16 arranged in a logical sequence with each instruction
17 sequentially numbered.  If undisputed, an instruction shall
18 be identified as "Stipulated Instruction No. __ Re _____,"
19 with the blanks filled in as appropriate.  If disputed, each
20 alternate version of the disputed instruction shall be
21 inserted together (back to back) in their logical place in
22 the overall sequence.  Each such disputed instruction shall
23 be identified as "Disputed Instruction No. __ Re _____
24 Proposed By  _____," with the blanks filled in as
25 appropriate.  All disputed versions of an instruction shall
26 bear the same instruction number.  If a party does not have a
27 counter-version of an instruction and simply contends no such
28 instruction should be given, then that party should so state

(and explain why) on a separate page inserted in lieu of an alternate version; and

(ii)   A joint memorandum of law in support of each party's disputed instructions, organized by instruction number.  The joint memorandum of law shall quote the text of each disputed instruction and shall set forth each party's respective position and legal authority, immediately after the text of each disputed instruction.

Each proposed instruction, whether agreed upon or disputed, shall (a) be set forth in full on a separate page; (b) embrace only one subject or principle of law; (c) cite to the legal authority for or source of the instruction; and (d) reference the claim for relief to which the instruction relates with a citation to Section 7 of the PTCO.

**A Table of Contents shall be included with all jury instructions submitted to the Court.**  The Table of Contents shall set forth the following:

(i)   The number of the instruction;

(ii)  A brief title of the instruction;

(iii) Whether it is undisputed or disputed;

(iv)  The source of the instruction; and

(v)   The page number of the instruction.

For example:

| Number | Title | Source | Page No. |
|--------|-------|--------|----------|
| 1 | Burden of Proof (Undisputed) | 9th Cir. Man. of Model Jury Instr. 5.1 | 5 |

The Court directs counsel to use the instructions from the <u>Ninth Circuit Manual of Model Jury Instructions</u> (West Publishing, most recent edition) where applicable.  Where California law is to be applied and the above instructions are not applicable, the Court prefers counsel to use the <u>Judicial Council of California Civil Jury Instructions</u> ("CACI") (LexisNexis Matthew Bender, most recent edition). If neither of these sources is applicable, counsel are directed to use the instructions from O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> (West Group, most recent edition).  Any modifications made to the original form instruction from the foregoing sources (or any other form instructions) must be specifically identified, along with the authority supporting the modification.  **Counsel shall not submit proposed preliminary instructions to be given to the jury prior to opening statements.**

If the parties agree upon a verdict form and/or special interrogatories, they shall file a joint verdict form and/or special interrogatories, with the questions arranged in a logical sequence.  If the parties cannot agree upon a verdict form and/or special interrogatories, they shall file a joint document containing each party's alternative version along with a brief explanation of each party's respective position.

The joint set of proposed jury instructions, the joint memorandum of law, and verdict form(s) and/or special interrogatories are to be filed with the PTCO and other Local Rule 16 documents.  Courtesy Copies shall be provided to the Court in accordance with Section 1 of this Order.  **In**

**addition, the parties shall e-mail the joint set of proposed**
**jury instructions, joint memorandum of law, and verdict**
**form(s) and/or special interrogatories in WordPerfect or Word**
**format to the Chambers' e-mail address**
**(JFW_Chambers@cacd.uscourts.gov) at the time of filing.**

Immediately after the Court's final ruling on the
disputed jury instructions, counsel shall file one final
"clean set" of jury instructions, which shall be sent into
the jury room for the jury's use during deliberations.  The
"clean set" shall contain only the text of each instruction
set forth in full on each page, with the caption "Court's
Instruction No. ___" (eliminating supporting authority,
citations to the PTCO, etc.).  Counsel shall also e-mail the
final "clean set" of jury instructions in WordPerfect or Word
format to the Chambers' e-mail address
(JFW_Chambers@cacd.uscourts.gov) at the time of filing.

**Caveat:  The failure of any counsel to comply with or**
**cooperate in all of the foregoing procedures regarding jury**
**instructions and/or verdict forms will constitute a waiver of**
**all objections to the jury instructions and/or verdict form**
**used by the Court or will constitute a waiver of jury trial**
**and/or the striking of the jury demand.**

**(g) Real-Time Reporting Requirement**

Each party must file with the Court, at the same time
counsel submit the PTCO, a document for the Court Reporter
which contains proper names, unusual or scientific terms, or
any foreign or uncommon words that are likely to be used by
the parties during the PTC and the Trial.  Each party shall

also e-mail a copy of the document to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) at the time of filing.

    **(h)   Joint Statement of the Case and Requests for Voir Dire**

    Three days prior to the Pre-Trial Conference, the parties shall file their proposed voir dire questions and their joint statement of the case which the Court shall read to all prospective jurors prior to the commencement of voir dire. The statement should be not longer than two or three paragraphs.

    The Court conducts voir dire of all prospective jurors. The parties need not submit requests for standard voir dire questions, such as education, current occupation, marital status, prior jury service, etc., but should include only proposed questions specifically tailored to the parties and issues of the case.

**7.   COURT TRIALS**

    **(a)   Declarations of Witness Direct Testimony**

    Counsel in non-jury trials shall submit the direct testimony of their witnesses in writing in a declaration executed under penalty of perjury.  These declarations shall be in admissible form with an appropriate foundation established for the declarant's statements.  Paragraphs in each declaration shall be numbered consecutively to facilitate the identification of paragraphs for evidentiary objections.  Any exhibits which are attached to a witness

/ / /

declaration shall be numbered consistently with the number of the exhibit on the Joint Exhibit List.

Counsel are to exchange and file these declarations at least fourteen calendar days before trial, unless otherwise ordered by the Court.  Courtesy Copies shall be provided to the Court in accordance with Section 1 of this Order. Courtesy Copies shall be submitted to the Court in a slant D-ring binder with each declaration separated by a tab divider on the right side.  All documents must be three-hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.  The binders shall also contain a Table of Contents listing the declarations contained therein, and the spine of the binder shall be labeled with its contents.

Eight calendar days before trial, counsel may file evidentiary objections to those declarations.  Counsel shall prepare a separate document for each declaration for which they have an evidentiary objection in which they shall quote the specific language from the declaration to which they object, followed by the objection and any relevant argument. Counsel shall file any reply or response to the objections by noon on the fifth calendar day before trial.  Courtesy Copies shall be provided to the Court in accordance with Section 1 of this Order.  **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPOSING PARTY'S WITNESS DECLARATIONS. THESE WILL BE DISREGARDED AND OVERRULED.**

At trial, the Court will rule on the evidentiary objections and, depending upon the ruling, the declarations will be received in evidence, either in whole or in part, or

1    rejected.   Counsel will then conduct the cross-examination
2    and re-direct examination at trial.
3        Failure to comply with the terms of this Order will
4    result in sanctions or the Court may refuse to allow that
5    witness to testify.
6        **(b)  Trial Briefs**
7        Counsel for each party shall file and serve a trial
8    brief, not to exceed 15 pages in length, fourteen calendar
9    days before trial.
10       **(c)  Findings of Fact and Conclusions of Law**
11       Counsel for each party shall file and serve initial
12   proposed findings of fact and conclusions of law fourteen
13   calendar days before trial.   Counsel for each party shall
14   also e-mail a copy of their proposed findings of fact and
15   conclusions of law to the Chambers' e-mail address
16   (JFW_Chambers@cacd.uscourts.gov) on the date due.   Counsel
17   for each party shall then:
18           (i)    Underline in red the portions which it
19                  disputes;
20           (ii)   Underline in blue the portions which it
21                  admits; and
22           (iii)  Underline in yellow the portions which it does
23                  not dispute, but deems irrelevant.
24       Counsel may agree with a part of a finding or conclusion,
25   disagree with a part of it, and/or consider a part of it
26   irrelevant.
27       Two marked copies of opposing counsel's proposed findings
28   of fact and conclusions of law shall be filed with the Court

1   seven calendar days before trial and one marked copy shall be
2   served on opposing counsel.  Courtesy Copies shall be
3   provided to the Court in accordance with Section 1 of this
4   Order.

5   **8.   SETTLEMENT**

6       This Court will not conduct settlement conferences in
7   non-jury cases which the Court will try unless counsel for
8   all parties and their respective clients agree either in
9   writing or on the record.  In jury cases, the Court will
10  conduct a settlement conference at the parties' joint request
11  if three conditions exist:

12      (a)  The parties are satisfied that the fact issues in
13  the case will be tried to a jury;

14      (b)  All significant pre-trial rulings which the Court
15  must make have been made; and

16      (c)  The parties desire the Court to conduct the
17  conference, understanding that if settlement fails, the Court
18  will preside over trial of the case.

19      The parties must file a Status Report re: Settlement at
20  the time they lodge the Proposed Pre-Trial Conference Order.
21  The Status Report shall include the name and phone number of
22  the Settlement Officer who assisted the parties with their
23  settlement conference.

24      **Caveat:  If counsel fail to cooperate in the preparation**
25  **of the required Pre-Trial documents, fail to file the**
26  **required Pre-Trial documents, or fail to appear at the Pre-**
27  **Trial Conference and such failure is not otherwise**
28  **satisfactorily explained to the Court: (a) the cause shall**

1  **stand dismissed for failure to prosecute if such failure**

2  **occurs on the part of the plaintiff; (b) default judgment**

3  **shall be entered if such failure occurs on the part of the**

4  **defendant; or (c) the Court may take such action as it deems**

5  **appropriate.**

6  IT IS SO ORDERED.

7

8  DATED:  August 28, 2018

                                            JOHN F. WALTER

9                                    UNITED STATES DISTRICT JUDGE

# JUDGE JOHN F. WALTER
## SCHEDULE OF TRIAL AND PRE-TRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Trial (jury)**<br>**Estimated length: _2_ days** | 8:30 am | | | | 4/23/19 |
| **[Jury trial]  Hearing on Motions in Limine; Hearing on Disputed Jury Instructions** | 10:00 am | | | | 4/19/19 |
| **[Court trial] Hearing on Motions in Limine** | 10:00 am | | | | X |
| **Pre-Trial Conference (File Proposed Voir Dire Qs and Agreed-to Statement of Case three days prior to PTC)** | 10:00 am | | | | 4/12/19 |
| **Submit Pre-Trial Conf. Order; File Motions in Limine; Memo of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness Testimony and Time Estimates; File Status Report re: Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** | | | | | 4/1/19 |
| **Last day for hearing motions \*** | 1:30 pm | | | | 2/4/19 |
| **Discovery cut-off** | | | | | 12/28/18 |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

| | | | | | |
|---|---|---|---|---|---|
| **Last day to conduct Settlement Conference** | | | | | 11/5/18 |
| **Last day to file Joint Report  re: results of Settlement Conference** | | | | | 11/9/18 |

\* Motions for class certification shall be filed in accordance with Local Rule 23-3.